**Jeffrey J. Druckman**, OSB No. 79214
E-mail address:  jeff@jjdlaw.com
**Janine C. Blatt**, OSB No. 92232
E-mail address:  janine@jjdlaw.com
Druckman & Blatt, P.C.
0424 S.W. Iowa Street
Portland, Oregon 97239
Telephone:  (503) 241-5033
Facsimile:  (503) 241-9033

   Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **STEPHANIE GONZALES,** | CV 10-6362-HO |
|   Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL** |
| v. | |
| **BEST BUY STORES, LIMITED PARTNERSHIP doing business as Best Buy,** | |
|   Defendant. | |

TO:  The United States District Court for the District of Oregon:

   Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, by its undersigned counsel, hereby removes this action from the Circuit Court of the State of Oregon for the County of Marion to the United States District Court for the District of Oregon.

Page 1 - Defendant's Notice of Removal

In support of its Notice of Removal, defendant states as follows:

1. On or about October 6, 2010, plaintiff commenced this action in the Circuit Court of the State of Oregon for the County of Marion by filing a complaint, entitled "Stephanie Gonzales, Plaintiff, v. Best Buy Stores, Limited Partnership, doing business as Best Buy, Defendant," Case No. 10C21602. The Complaint purports to allege claims for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ("Title VII"), and ORS 659A.030.

2. On October 8, 2010, plaintiff served defendant with Summons and Complaint. Removal is timely in that fewer than 30 days have elapsed since defendant was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

3. True and correct copies of all process and pleadings served upon defendant to date are attached hereto and marked as indicated below:

    a. Summons - Exhibit 1; and

    b. Complaint - Exhibit 2.

4. Plaintiff's claim under Title VII is one over which this court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States. The court has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's Oregon state law claim. The

above-named action is one that may be removed to this court pursuant to 28 U.S.C. § 1441(b)-(c).

5. This action is one over which this court also has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Complete diversity of citizenship exists. Defendant is informed and believes that plaintiff was at the time of the filing of the Complaint and still is a citizen of the state of Oregon. Defendant is a limited partnership organized under the laws of the commonwealth of Virginia with its principal place of business in Minnesota, and not in Oregon.

7. Defendant has not taken any action in the Circuit Court of the State of Oregon for the County of Marion that would prejudice its right to removal.

WHEREFORE, defendant removes the above action from the Circuit Court of the State of Oregon for the County of Marion to the United States District Court for the District of Oregon.

Dated this 29th day of October, 2010.

DRUCKMAN & BLATT, P.C.

Jeffrey J. Druckman
OSB No. 79214
jeff@jjdlaw.com

Attorneys for Defendant

**Page 3 - Defendant's Notice of Removal**

Druckman & Blatt, P.C.
0424 S.W. Iowa Street
Portland, Oregon 97239
Telephone (503) 241-5033

2:00

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## IN AND FOR THE COUNTY OF MARION

| | |
|---|---|
| STEPHANIE GONZALEZ, ) | Civil Case No. 10C21602 |
| Plaintiff, ) | SUMMONS |
| v. ) | |
| BEST BUY STORES, LIMITED PARTNERSHIP ) doing business as BEST BUY, ) Defendant. ) | |

TO: CT Corporation System, Registered Agent, Best Buy Stores Limited Partnership, dba Best Buy, 388 State Street, Ste 420, Salem, OR 97301

## SUMMONS

*You are hereby required to appear and defend the complaint filed against you in the above entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.*

### NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically. To "appear", you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

LAW OFFICE OF BRADY MERTZ

/s/ Brady Mertz

Brady Mertz, OSB #97081
Attorney for Plaintiff

LAW OFFICE OF BRADY MERTZ
2285 Liberty Street NE
Salem, OR 97301
(503) 385-0121
fax: 503-375-2218
email: bradymertz@comcast.net

Page 1 -    SUMMONS

Exhibit 1

Page 1 of 2

| | |
|---|---|
| STATE OF OREGON | ) |
| | ) ss. |
| County of Marion | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled case.

LAW OFFICE OF BRADY MERTZ

_____
Brady Mertz, OSB #97081
ATTORNEY OF RECORD FOR PLAINTIFF

---

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the defendant, and to make your proof of service which you shall attach hereto.

LAW OFFICE OF BRADY MERTZ

**/s/ Brady Mertz**
_____
Brady Mertz, OSB #97081
ATTORNEY OF RECORD FOR PLAINTIFF

Page 2 -   SUMMONS

LAW OFFICE OF BRADY MERTZ
2285 Liberty Street NE
Salem, OR 97301
(503) 385-0121
fax: 503-375-2218
email: bradymertz@comcast.net

Exhibit 1



STATE OF OREGON
Marion County Circuit Courts
OCT 06 2010
ENTERED

STATE OF OREGON
Marion County Circuit Courts
OCT 06 2010
FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF MARION

| | |
|---|---|
| STEPHANIE GONZALES, | Civil Case No. 10C21602 |
| | CIVIL COMPLAINT |
| Plaintiff, | Gender Discrimination; and, unlawful employment practices |
| v. | |
| BEST BUY STORES, LIMITED PARTNERSHIP Doing business as BEST BUY, | Claim for $500,000.00 |
| | Claim NOT subject to Mandatory Arbitration |
| Defendant. | Jury trial requested |

COMES NOW Plaintiff Stephanie Gonzales, hereinafter referred to as "Plaintiff", and alleges as follows:

1.

Plaintiff, a female, is presently employed by the Defendant, Best Buy Stores, Limited Partnership doing business as Best Buy (hereinafter "Defendant"), from the year 2006. Plaintiff was employed in a variety of sales and management positions during her term of employment with Defendant. Defendant is a foreign corporation licensed to do business in the State of Oregon and doing business in the City of Salem, Oregon. Defendant employs more than 200. At all material times the Defendant has engaged in commerce or the production of goods for commerce, or had employees handling, selling or otherwise working on goods or material or equipment which have been moved in commerce. At all material times, Defendant

Exhibit 2
Page 1 of 6

1  has had an annual gross volume of sales made or business done of not less than
2  $500,000.00.  At all times material herein Tim O'Donnell was an employee and the
3  general manager of the Best Buy Lancaster and was working within his course and
4  scope as an employee of Defendant, and Defendant is vicariously liable for Tim
5  O'Donnell's actions.  Defendant is an employer within the meaning of ORS
6  652.310.

7                                        2.

8       In August of 2008, Plaintiff was the only female sales supervisor at the Best
9  Buy Lancaster store in Salem, Oregon.  In August and September of 2008, despite
10 Plaintiff's seniority at Best Buy, the Defendant via Tim O'Donnell excluded the
11 Plaintiff from training opportunities that only other male employees were given at
12 that time.  Plaintiff was told that she didn't have "management potential" because
13 she had just had children and had come back from medical leave and would not
14 have the availability of other male employees.

15                                       3.

16      In April of 2009, the Defendant restructured the management at Best Buy
17 Lancaster and demoted the Plaintiff.  Another male employee replaced the
18 Defendant in her role as a supervisor.  When Tim O'Donnell was asked by the
19 Plaintiff why she was not kept in her same position from the restructure, she was
20 told that the male employee had received the training and was therefore "more
21 qualified" for the more senior supervisor position despite this man not having been a
22 supervisor for as long as the Plaintiff.

23                                       4.

24      In 2009 the Defendant via Tim O'Donnell was offered a job to the Plaintiff to
25 become a senior supervisor.  The Plaintiff, concerned about her ability to perform
26 all of the tasks of this new employment opportunity, asked about her opportunity to

Exhibit 2

Page 2 of 6

1  be fully trained in the job before she was to take it – the same training the male
2  employees of Best Buy had received earlier in the year. She was told by her
3  manager that she would not be provided training, that the training was on the job,
4  and that if she did fail in the job she would be fired from Best Buy. She was also
5  told that she had "two hours" in which to make the decision to take the job or not
6  take the job. Concerned about losing her job, Plaintiff denied the job. This job
7  was later provided to a male employee who then did receive training after the job
8  was offered to him.

9                                          5.

10  Defendant, through their denial of Plaintiff's promotion and opportunities to
11  obtain training in which to be able to accept any promotion, intentionally
12  discriminated against the Plaintiff, and Plaintiff's gender was a motivating factor in
13  Defendant's decisions related to the promotions. The male employees were not
14  subjected to this same behavior by the Defendant.

15                                          6.

16  Defendant deliberately created and maintained a hostile work environment for
17  Plaintiff because of her gender, and in retaliation for Plaintiff's complaints regarding
18  Defendant's discrimination. The male employees were not subjected to this same
19  behavior by the Defendant.

20                                          7.

21  Defendant's refusal to promote plaintiff, and to provide the Plaintiff the same
22  opportunities for training as the male employees, and Defendant's gender-specific
23  statements about the Plaintiff and others, created conditions sufficiently severe and
24  pervasive to alter the conditions of employment, creating an abusive work
25  environment. The male employees were not subjected to this same behavior by
26  the Defendant.

Exhibit 2

Page 3 of 6

1  8.

2  Defendant's conduct to Plaintiff was intentional and malicious, or was with
3  reckless disregard of Plaintiff's state and federally protected rights.

4  9.

5  On July 8, 2010 the Bureau of Labor and Industries of the State of Oregon
6  (BOLI) issued a Notice of Private Right of Action under ORS 659.030 concerning
7  Plaintiff's claims of gender discrimination.

8  10.

9  Plaintiff is entitled to an award of front pay for lost future wages,
10 compensation and benefits.

11
12         FIRST CLAIM FOR RELIEF
           GENDER DISCRIMINATION
13  11.

14  Plaintiff realleges paragraphs 1 through 10.

15  12.

16  The Defendant violated Title VII of the Civil Rights Act, as amended by the
17  Civil Rights Act of 1991, by refusing to promote the plaintiff based on her gender, by
18  subjecting Plaintiff to a hostile work environment based on her gender, and by
19  retaliating against Plaintiff because of her complaint about said discrimination.

20  13.

21  Plaintiff is entitled to her compensatory damages for emotional pain and
22  suffering, and punitive damages via 42 USC 1981a(b)(3), and attorney's fees
23  pursuant to 42 USC 1988(b), et seq.

24  ///
25  ///
26

Exhibit 2

Page 4 of 6

# SECOND CLAIM FOR RELIEF
## GENDER DISCRIMINATION – ORS 659.030 et. seq.

14.

Plaintiff realleges paragraphs 1 through 10.

15.

The Defendant violated ORS 659.030 by refusing to promote the plaintiff based on her gender, by subjecting Plaintiff to a hostile work environment based on her gender, and by retaliating against Plaintiff because of her complaint about said discrimination.

16.

Plaintiff is entitled to her non-economic damages for emotional pain and suffering, and attorney's fees via ORS 659.121. Plaintiff reserves the right to amend her complaint pursuant to ORS 18.535.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

First Claim for Relief:

(a) Lost wages, benefits, and prejudgment interest, in an amount to be proven at trial but not to exceed $250,000.00;

(b) Compensatory damages for emotional pain and suffering in an amount to be proven at trial but not to exceed $250,000.00;

(c) An order compelling Defendant to promote Plaintiff to the supervisory role with training, or in the alternative an order of front pay for lost future wages and benefits;

(d) Plaintiff's attorney's fees, costs and disbursements incurred herein; and,

(e) For such other legal or equitable relief as the court deems just.

Exhibit 2

Page 5 of 6

| | | |
|---|---|---|
|1| **Second Claim for Relief:** | |
|2| (a) | Noneconomic damages in an amount to be proven at trial but not to |
|3| | exceed $250,000.00; |
|4| (b) | Economic damages in an amount to be proven at trial but not to |
|5| | exceed $250,000.00; |
|6| (c) | Plaintiff's attorney's fees, costs and disbursements incurred herein; |
|7| | and, |
|8| (d) | For such other legal or equitable relief as the court deems just. |

DATED this 6th day of September, 2010.

LAW OFFICE OF BRADY MERTZ

_____
Brady Mertz, OSB #970814
Attorney for Plaintiff

Exhibit 2
Page 6 of 6

I hereby certify that I served the foregoing **Defendant's Notice of Removal** on:

> Brady Mertz
> 2285 Liberty St. NE
> Salem, Oregon 97301
>
> Attorney for Plaintiff

by the following indicated method or methods:

☒ by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing a full, true, and correct copy thereof to be **hand-delivered** to the attorney at the attorney's last-known office address listed above on the date set forth below.

☐ by **electronic filing** with the District Court's CM/ECF system. The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with the Fed. R. Civ. P. 5(d).

☐ by **faxing** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth below.

Dated this 29th day of October, 2010.

*/s/ Jeffrey J. Druckman*
Jeffrey J. Druckman

Attorney for Defendant

**Page 1** – Certificate of Service